UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SOTO, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 09-4862 (JAP) |
| QUICKEN LOANS, INC, et al. | : |
| | : **OPINION** |
| Defendants. | : |

PISANO, District Judge.

This is an action brought by Plaintiffs Michael Soto and Desiree Collazo-Soto (together, "Plaintiffs") against defendants Quicken Loans, Inc. ("Quicken"); Merill Lynch Mortgage Lending ("MLML") and others alleging numerous statutory and common law claims arising from the refinancing of a residential mortgage loan.  MLML and Quicken (together "Defendants") have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons below, the motions are granted in part and denied in part.

**I. Background**[1]

According to the complaint, Plaintiff's are the owner of residential property located at 43 Washington Avenue, Old Bridge, New Jersey.  In December 2006, Plaintiffs refinanced the existing mortgage loan on this property in order to consolidate that loan with the outstanding balance on their home equity line of credit.  Plaintiffs "refinanced their loan with the same

---

[1]In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint.  *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996).  Accordingly, the facts recited herein are taken from the First Amended Complaint unless otherwise indicated and do not represent this Court's factual findings.

lender and loan officer as their two prior refinances, Quicken and Edward Berger." Am. Compl. ¶ 14.  Closing took place at Plaintiffs' home on December 9, 2006, with a notary acting as the settlement agent.  Plaintiff executed a note in the amount of $380,000 in favor of Quicken and executed a mortgage to secure payment of the note.  Sometime thereafter the mortgage and loan was assigned to MLML.

According to Plaintiffs, they expressly requested a fixed rate loan, but "the lender provided an adjustable rate mortgage." Am. Compl. ¶ 17.  More specifically, Plaintiffs obtained "a negative amortization loan that would be fixed for the first 5 years with a 10-year interest-only payment feature." Am. Comp. ¶ 22.   In making such a loan to Plaintiffs, it is alleged that "[t]he defendants failed to provide what was promised." *Id.* ¶ 26.

As best as the Court can discern from the Amended Complaint, which defendant MLML aptly describes as relying substantially upon "half-formed allegations, bald conclusions and legal non-sequiturs," Reply at 2, all defendants are alleged to have taken certain actions to deceive and mislead Plaintiffs about the loan terms.  For example, Quicken allegedly falsely represented to Plaintiffs the interest rate of the loan and the total amount that would be financed, and its loan officer did not adequately explain to Plaintiffs the terms of their loan. Am. Compl. ¶ 19.  It is further alleged that "defendants" did not provide Plaintiffs with appropriate disclosures and "made fraudulent representations about the terms of the loan to plaintiff to induce them to refinance the mortgage on their house." *Id.* ¶ 33.  The crux of Plaintiffs' claim appears to be that when they entered into the transaction they were not aware of the negative amortization feature of their loan, and Plaintiffs discovered sometime after the loan closed that they were "going backward each month and thus owing more than they originally borrowed." *Id.* ¶ 34.

The complaint alleges the following fifteen counts against all defendants in the action: (1) violation of the Truth In Lending Act ("TILA"), 15 U.S.C § 1602; (2) violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*; (3) violation of New Jersey's Racketeer Influenced Corrupt Organizations act ("RICO"), N.J.S.A. § 2C:41-1, *et seq.*; (4) fraud; (5) "unconscionability"; (6) negligence; (7) unjust enrichment; (8) breach of contract; (9) violation of the Real Estate Settlement Practice Act, 12 U.S.C. § 2601 *et seq.*; (10) "negligence of settlement agent and other Defendants"; (11) breach of fiduciary duty; (12) breach of duty of good faith and fair dealing; (13) violation of New Jersey's law against discrimination; (14) violation of the New Jersey Home Ownership Security Act, N.J.S.A. § 46:10B-22; (15) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639. MLML and Quicken have moved for dismissal of all counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    Legal Discussion

### A.    Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) (stating that standard of review for

motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

B.  Analysis

    1.  **TILA Claim (Count I);[1] HOEPA Claim (Count IX)**

TILA requires lenders to provide borrowers with specific disclosures with respect to certain terms of their loans. 15 U.S.C. § 1638. "Regulation Z" describes the material disclosures that lenders must make "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Plaintiffs' TILA and HOEPA claims found in

---

[1] The Defendants argue, in a generalized fashion, that Plaintiff's 15-count complaint fails under Rule 8(a) because it does not contain sufficient factual content to allow a reasonable factfinder to conclude that Defendants are liable for any of the claims alleged. To the extent the Court finds this argument relevant to any of Plaintiff's claims, it shall be discussed in the claim-by-claim analysis below.

Count I and XV of their complaint are governed by the time limit for a borrowers' right to rescind pursuant to 15 U.S.C. § 1635(f) and the time limitation for seeking damages for civil liability under 15 U.S.C. § 1640(e). For individuals seeking rescission, TILA mandates that "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property whichever occurs first." 15 U.S.C. § 1635(f). Additionally, as to individuals seeking compensatory and statutory damages, any TILA action must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

In the instant case, Defendants allege Plaintiffs' TILA and HOEPA claims for damages is barred by the one-year statute of limitations. Although it has been noted that "[g]enerally speaking, [courts] will not rely on an affirmative defense … to trigger dismissal of a complaint under Rule 12(b)(6)," *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997), an affirmative defense such as the expiration of the statute of limitations may provide a basis for dismissal on a Rule 12(b)(6) motion in those situations where the defense is "apparent on the face of the complaint." *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n. 14 (3d Cir. 2006) ("[A] statute of limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on the face of the complaint."); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (limitations defense may be raised on a motion under Rule 12(b)(6) "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations") (internal citations and quotations omitted).

Plaintiffs do not dispute the Defendants' assertion that Plaintiff's claims for damages under TILA and HOEPA are untimely. However, Plaintiffs argue that the limitations period in this case should be subject to equitable tolling, as the Third Circuit has held that the time

5

limitation set out in TILA not jurisdictional and is, therefore, subject to equitable tolling. *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 504-505 (3d Cir. 1998). Three scenarios exist when equitable tolling of a limitations period may be appropriate: (1) the defendant has actively misled the plaintiff with respect to the plaintiff's cause of action; (2) the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) the plaintiff has timely but mistakenly asserted his rights in the incorrect forum. *Oshiver v. Levin*, *Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Importantly, a party seeking tolling must also demonstrate that he or she "exercised reasonable diligence in investigating and bringing the claims." *Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Here, the Amended Complaint sets forth no facts from which it can be inferred that equitable tolling is applicable in this case. Indeed, to the extent it is alleged that any defendants misled Plaintiffs, all such conduct occurred prior to the closing date. Further, it does not appear Plaintiffs exercised reasonable diligence in pursuing their claims, as they admit in their brief that they became aware of the negative amortization feature of their loan in "late 2007," Pl. Brf. at 3, but did not pursue their claim until July 2009. There being no basis to apply equitable tolling, Plaintiff's claim for damages under TILA shall be dismissed.

Plaintiffs also make a claim for rescission under TILA. As noted previously, a claim for rescission typically expires three years after consummation of the transaction. Only Quicken challenges Plaintiff's rescission claim, and it argues that the claim should be dismissed for two reasons. First, Quicken claims that because Plaintiffs have not demonstrated an ability to pay back the loan proceeds, their TILA claim for rescission should be dismissed. The Court finds that such an inquiry, however, would be premature at the pleading stage. *See Scivoletti v.*

*JP Morgan Chase Bank, N.A.*, WL 2652527, *5 (D.N.J. 2010) (plaintiff seeking rescission need not plead facts showing ability to repay in order to survive motion to dismiss).

Second, Quicken argues that Plaintiffs have not timely tendered a notice of rescission. Quicken cites 15 U.S.C. § 1635(a), under which a borrower may exercise his statutory right to rescind a transaction "until midnight on the third business day following the consummation of the transaction or delivery of the information and rescission forms required … whichever is later." However, as noted above, the borrower's right to rescind can be extended up to three years after the consummation of the lending transaction if the lender never submits disclosures required by TILA to the borrower. 15 U.S.C. § 1635(f). Plaintiffs have alleged that "defendants" failed to make numerous disclosures required under the TILA. By way of their complaint, Plaintiffs notified Defendants that they intended to seek rescission. Plaintiffs brought this action on August 12, 2009, within three years of December 9, 2006, the date of the loan closing. As such, the Court finds that Defendants have not demonstrated that this claim should be dismissed under Rule 12(b)(6).

### 2. Consumer Fraud Act (Count II); RICO (Count III); Fraud (Count IV)

To plead a claim under the CFA, a plaintiff must allege the following: (1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements -- defendants allegedly unlawful behavior and the plaintiff's ascertainable loss. *New Jersey Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 12-13 (App.Div .2003). Notably, CFA claims "sounding in fraud" are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b). *See Naporano Iron & Metal Co. v. Am. Crane Co.*, 79 F. Supp. 2d 494, 510 (D.N.J.2000). Here, Plaintiffs' CFA claim is based upon alleged "false promises and misrepresentations" by "defendants" concerning the material terms of their loan.

Also, although not particularly clear from the Amended Complaint itself, Plaintiffs contend that their RICO claim is similarly based upon a "pattern of fraudulent practices and misrepresentations." Pl. Brf. at 7.[2]

Thus, three of Plaintiffs' claims – CFA, RICO and common law fraud -- sound in fraud and consequently must meet the heightened pleading requirements of Rule 9(b), which requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule 9(b), where a complaint alleges fraud, a plaintiff must describe "with particularity" the circumstances that constitute the fraud. Fed.R.Civ.P. 9(b). Generally speaking, "Rule 9(b) serves to give defendants notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006) (alterations in original) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir.1997)). The rule requires a plaintiff to plead with particularity the facts supporting the elements of fraud. *Id.* Therefore, in order to successfully plead fraud under Rule 9(b), a plaintiff must offer "some precision and some measure of substantiation." *Gutman v. Howard Sav. Bank*, 748 F.Supp. 254, 257 (D.N.J.1990). Plaintiffs may satisfy the rule's requirement "by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (quotations omitted). A Plaintiff also must allege "who made a misrepresentation to whom and the general content of the misrepresentation." *Id.*

---

[2] Plaintiff's opposition brief does not contain page numbers. Therefore, when referencing Plaintiff's brief, the Court shall use the page numbers generated in the electronic filing system's header.

Here, Plaintiffs' complaint fails to meet this heightened pleading requirement and fails to put the Defendants on notice of the "precise misconduct" that forms the basis of the CFA, RICO and fraud claims against each of them. The named defendants in this case include a mortgage broker and lender, agents of the mortgage broker, an assignee of the mortgage loan, and a title company. Many of the allegations in the Amended Complaint refer to these "defendants" collectively as a single unit, although it cannot be inferred from the complaint that they necessarily acted as such. As such, it is difficult to discern, for example, precisely what fraudulent conduct is alleged against which defendants, and specifically what conduct underlies each of Plaintiff's claims as to each defendant. Consequently, Plaintiffs' CFA, RICO and fraud claims shall be dismissed.

### 3. Unconscionability (Count V)

Plaintiffs seek, among other things, rescission of the loan transaction for unconscionability based on the imposition of "excessive fees and costs," "overly onerous loan terms" and violation of "the covenant of good faith and fair dealing." Generally speaking, "a contract is unenforceable if its terms are manifestly unfair or oppressive, and are dictated by a dominant party." *Howard v. Diolosa*, 241 N.J.Super. 222, 230, 574 A.2d 995 (App.Div. 1990). A party raising a claim of unconscionability has the burden of showing "some over-reaching or imposition resulting from a bargaining disparity between the parties, or such patent unfairness in the terms of the contract that no reasonable man not acting under compulsion or out of necessity would accept them." *Rotwein v. Gen. Accident Group*, 103 N.J. Super. 406, 418, 247 A.2d 370 (Law Div. 1968). A party needs to demonstrate both procedural unconscionability which identifies unfairness in the formation of the contract and substantive unconscionability which addresses disproportionate contract terms. *Sitogum Holdings, Inc. v. Ropes*, 352

N.J.Super. 555, 564, 800 A.2d 915 (Ch.Div.2002).  Procedural unconscionability "can include a variety of inadequacies, such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process.  *Id.*  To establish substantive unconscionability, a party must show the "exchange of obligations so one-sided as to shock the court's conscience." *Id.* at 565, 800 A.2d 915.

Defendants do not expressly challenge Count V in their motion other than, the Court presumes, as part of their general assertion that the complaint as a whole fails to meet the pleading standards of Rule 8(a).  Here, Plaintiffs allege, among other things, that Defendants made misrepresentations regarding the loan, that Defendants "knew or should have known that plaintiffs lacked the legal capacity to enter into [the loan transaction] and/or did not understand the essential terms of the documents they were executing," Am. Compl. ¶ 38, that the written information provided by Defendants was confusing, contradictory and inadequate, *id.* ¶ 39, that the fees and costs associated with the loan were excessive and that the loan terms were overly onerous.  In light of such allegations, the Court cannot conclude that Plaintiffs' claim fails to meet the liberal standards of Rule 8(a).

    **4.**    **Negligence (Count VI); Negligence of Settlement Agent (Count X)**

Plaintiffs' complaint contains two counts of negligence, the first based upon a theory of negligence supervision, the second up a theory of *respondeat superior*.  To state a claim for negligence under New Jersey law, a plaintiff must demonstrate: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) injury or harm to the plaintiff; and (4) proximate cause.  *Anderson v. Sammy Redd and Associates*, 278 N.J. Super. 50, 56, 650 A.2d 376 (App. Div. 1995).  Defendants allege that Plaintiffs' claims fail because

Plaintiffs have not demonstrated that Defendants owed them a duty of care. Quicken also asserts that the claims are barred by the economic loss doctrine.

With respect to MLML, Plaintiffs have failed to plead any facts showing that any legal duty was owed by MLML to Plaintiffs. There are no allegations that MLML supervised the employees with whom Plaintiffs dealt with or that MLML was the principal for whom settlement agent acted. However, the same cannot be said for Quicken, whose employees and/or agents are alleged to have engaged directly with Plaintiffs.

Further, Quicken has not shown that the economic loss doctrine warrants dismissal of Plaintiffs' claims under 12(b)(6). "Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316, 788 A.2d 268 (2002). If a defendant "owe[s] a duty of care separate and apart from the contract between the parties," a tort claim such as negligence may lie. *Id.* at 314, 788 A.2d 268. Plaintiffs allegations of negligence do not appear to arise from any breach of the contractual relationship between Quicken and Plaintiffs, but rather as a result of the actions of defendants prior and during the closing of the transaction.[3]

### 5. Unjust Enrichment (Count VII)

Plaintiffs allege a claim against Defendants for unjust enrichment in the execution of their mortgage contract. "Unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Assocs. Commercial Corp. v. Wallia*, 211 N.J. Super. 231, 243, 511 A.2d 709 (App. Div. 1986) (citing *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 108, 219 A.2d 332 (App. Div. 1966)). For a

---

[3] As such, it would appear that Plaintiff's negligence claim may be untimely under the applicable statute of limitations. However, the issue was not raised by the parties and therefore shall not be addressed by the Court at this time.

claim of unjust enrichment, a party must demonstrate that the other party "received a benefit and that retention of the benefit without payment thereof would be unjust." *Id.*  As best as can be construed from the complaint, the only "benefit" received by Defendants were payments made pursuant to the Note executed by Plaintiffs.  "[I]t is generally the case that when a valid, express contract covers the subject matter of the parties' dispute, a plaintiff cannot recover under a quasi-contract theory such as unjust enrichment." *Ramon v.. Budget Rent-A-Car Sys.*, 2007 WL 604795 (D.N.J. February 20, 2007).  *See also Moser v. Milner Hotels, Inc.*, 6 N.J. 278 (1951).  As such, Plaintiffs' claim for unjust enrichment shall be dismissed.

### 6. Breach of Contract (Count VIII); Good Faith and Fair Dealing (Count XII)

Plaintiffs' contract claims are premised upon their allegation that Plaintiffs "were told by defendants … that their monthly payments would be lower than the actual payment required under the loan terms."  Am. Compl. ¶ 106.  Plaintiffs allege that ""[s]ince [they] did not receive the agreed upon terms promised by defendants …. the contract was breached." *Id.* ¶ 107.

As an initial matter, Plaintiffs' allegations are vague and do not identify the contract that was breached nor which of the defendants breached the agreement.  Indeed, it is unclear whether the claim is based upon some sort of an agreement separate and apart from the mortgage transaction or is alleging a breach of the loan documents themselves.  Moreover, to the extent that Plaintiff is alleging that oral statements by defendants prior to execution of the loan documents altered the terms of those loan documents, such a claim would appear to be barred by the parol evidence rule.  "The parol evidence rule precludes the introduction of oral promises to alter or vary the terms of an integrated written agreement." *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 436 (D.N.J. 1998) (quoting *Filmlife Inc. v. Mal "Z" Ena, Inc.*, 251

12

N.J.Super. 570, 575, 598 A.2d 1234 (App. Div.1991).  As such Plaintiffs' breach of contract claim and breach of the covenant of good faith and fair dealing are dismissed.

### 7. Violation of RESPA (Count IX)

Plaintiffs' claim for violations of RESPA are governed by a one-year statute of limitations pursuant to 12 U.S.C. § 2614.  RESPA requires that any action be brought "within one year in the case of violations of section 2607 or 2608 from the date of the occurrence of the violation." 12 U.S.C. § 2614.  Therefore, in order to have a valid RESPA claim, a plaintiff must bring a cause of action within one year of the alleged improper fee or kickback.  *See* 12 U.S.C. § 2607

Here, in Count IX Plaintiffs are alleging a cause of action under § 2607 for improper fees and costs at the closing of their mortgage loan.  Because the closing on the mortgage loan occurred in December 2006, Plaintiffs were required to bring a cause of action within one year of the date of the transaction.  Because Plaintiffs did not file their claim until 2009, their RESPA cause of action must be dismissed as untimely.  To the extent Plaintiffs argue, as they did with their TILA claim, that equitable tolling applies, Plaintiffs' argument is rejected for the same reasons stated earlier.

### 8. Breach of Fiduciary Duty (Count XI)

In Count XI, Plaintiffs allege that all defendants owed them a fiduciary duty and all defendants breached this duty.  MLML and Quicken argue that neither one of them was in a fiduciary relationship with Plaintiffs and, therefore, this claim should be dismissed.  Indeed, creditor-debtor relationships "rarely are found to give rise to a fiduciary duty." *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988); *see also United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 553, 704 A.2d 38, 44 (App. Div. 1997) ("there is no presumed

fiduciary relationship between a bank and its customer"). As the Court of Appeals for the Third Circuit has noted, because their respective positions are essentially adversarial, it "'would be anomalous to require a lender to act as a fiduciary for interests on the opposite side of the negotiating table,'" *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988) (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir.1982)).

Exceptions, however, exist where "special circumstances" are present, such as situations where "the lender encouraged the borrower to repose special trust or confidence in its advice, thereby inducing the borrower's reliance." *United Jersey Bank v. Kensey*, 306 N.J.Super. 540, 554-55, 704 A.2d 38 (N.J. Super. 1997). Here, the Plaintiffs fail to allege that any such "special circumstances" existed in this case, therefore Count XI will be dismissed.

### 9. Violation of Law Against Discrimination (Count XIII)

Plaintiffs allege in Count XIII that Defendants violated N.J.'s LAD. LAD provides that it is unlawful discrimination for "any person, bank, banking organization, mortgage company, insurance company or other financial institution ... to discriminate against any person or group of persons because of race, creed, color, national origin ... marital status [or] sex." N.J. Stat. Ann. § 10:5-12(i). The statute of limitations for claims under LAD is two years. *Montells v. Haynes*, 133 N.J. 282, 294-95, 627 A.2d 654 (1993). A cause of action under LAD accrues on the day the discriminatory act occurs. *Shepherd v. Hunterdon Dev. Ctr.*, 174 N.J. 1, 21, 803 A.2d 611 (2002).

Plaintiffs failed to allege in their complaint which class of protected individuals under LAD they are members of and what discriminatory act has occurred. Regardless of the inadequacies of their pleading, Plaintiffs' LAD claim is barred due to the two-year statute of limitations. The LAD claim stems from alleged discriminatory lending practices with respect

to Plaintiffs mortgage loan transaction, the closing of which took place in December 2006. Count XIII, therefore, must be dismissed as untimely.

### 10. Violation of NJ HOSA (Count XIV)

Plaintiffs allege a violation of New Jersey's HOSA for abusive mortgage lending practices in Count XIV. *See* N.J. Stat. Ann. § 46:10B-23 *et seq*. Finding that "[a]busive mortgage lending has become an increasing problem, New Jersey's Legislature enacted HOSA in 2003 to combat "[a]busive mortgage lending" resulting from "the making of loans that are equity-based, rather than income-based," and "the financing of high points and fees." N.J.S.A. 46:10B-23(a). To address these abuses, HOSA prohibits creditors from engaging in a number of practices such as "recommend[ing] or encourag[ing] default on an existing loan or other debt," charging late payment fees "in excess of 5% of the amount of the payment past due," or accelerating the debt "in its sole discretion." N.J.S.A. 46:10B-25(c),(d)(1),(e).

Applying the *Twombly* standard, Plaintiffs have failed to adequately plead their claim under HOSA. Count XIV simply parrots the relevant statute, and the complaint contains no factual support for the claim. Plaintiffs' HOSA claim, therefore, shall be dismissed.

## III. Conclusion

For the reasons above, Defendants' motions to dismiss shall be granted in part and denied in part. The motions are granted as to the following claims: TILA claims (damages only)-Counts I and XV; CFA, RICO and Fraud-Counts II through IV; Negligence (as to MLML only)-Counts VI and X; Unjust Enrichment-Count VII; Contract claims-Counts VIII and XII; RESPA-Count IX; Breach of Fiduciary Duty-Count XI; LAD-Count XIII; HOSA-Count XIV. The motions are denied as to TILA claims (rescission only)-Count I and XV; Negligence (as to Quicken)-Counts VI and X; and Unconscionability-(Count V). The Third

Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir.2008). Therefore, the Court shall grant Plaintiffs 20 days to file an amended complaint to add allegations to cure any of the deficiencies identified in this Opinion.  If Plaintiff fails to timely file an amended complaint, the dismissal of the above listed Counts shall be deemed to be with prejudice.

                                             /s/ JOEL A. PISANO
                                             United States District Judge

Dated:  December 14, 2010